IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS



| | | |
|---|---|---|
| STATE OF TEXAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. EP-99-CA-320-H |
| | § | |
| YSLETA DEL SUR PUEBLO, | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER REGARDING DEFENDANTS' MOTION
## TO APPROVE SWEEPSTAKES PROPOSAL

In this latest round of an ongoing match between the Ysleta Del Sur Pueblo (hereinafter "the Tribe") and the State of Texas (hereinafter "the State"), the Tribe requests the Court to approve its proposal to conduct a sweepstakes (Docket No. 284). At the risk of repetition, the Court will discuss briefly the series of events leading up to the submission of this proposal for a sweepstakes.

The legislation which established full federal trust relationship between the United States Government and the Tribe was the Restoration Act of 1987, 25 U.S.C. § 1300g. The pertinent section of the Act is section 1300g-6(a), which provides:

> All gaming activities which are prohibited by the laws of the State of Texas are hereby prohibited on the reservation and lands of the Tribe.

Alleged violations of this gaming prohibition are to be heard exclusively in federal court, and the State of Texas is specifically authorized to bring an action in this Court to enjoin

1

violations. 25 U.S.C. § 1300g-6(c).

Texas law regulates, but does not prohibit, the conduct of a sweepstakes. Tex. Bus. & Com. Code, Chapter 622.[1] A sweepstakes is defined as "a contest that awards one or more prizes based on chance or the random selection of entries." Tex. Bus. & Com. Code § 622.001(4). The scope of the Texas statute is limited in two significant ways: (1) it applies only to a sweepstakes conducted through the mail,[2] and (2) it does not apply to a sweepstakes in which the value of the most valuable prize is less than $50,000.00.[3] The Tribe concedes that its sweepstakes proposal contemplates some use of the mail by sweepstakes participants, but denies that the most valuable prize offered will ever reach or exceed $50,000.00 in value. Based upon that representation, the sweepstakes which the Tribe proposes to conduct would not be covered by the Texas statute regulating sweepstakes. The real issue, highlighted in the State's objection to the Defendants' proposal, is whether the operation of a sweepstakes in the manner proposed by the Defendants would violate the Texas Penal Code.

---

[1] The sweepstakes proposal submitted by the Tribe refers throughout to Tex. Bus. & Com. Code, Chapter 45. However, that entire chapter was repealed effective April 1, 2009 and was replaced by Chapter 622.

[2] Tex. Bus. & Com. Code § 622.051(a).

[3] Tex. Bus. & Com. Code § 622.052(a).

Although the lines between the two are somewhat blurred, it appears that the State is advancing two arguments in opposition to the Defendants' sweepstakes proposal.[4] The State contends that (1) the sweepstakes as proposed would constitute an illegal lottery; and (2) the plan contemplates the use of gaming devices known as "eight-liners" in an illegal manner.

It is a misdemeanor offense in Texas to set up or promote a lottery for gain. Texas Penal Code § 47.03(a)(5). A "lottery" is a scheme or procedure whereby one or more prizes are distributed by chance among persons who have paid or promised consideration for a chance to win something of value. Texas Penal Code § 47.01(7). Generally speaking, the element that distinguishes an illegal lottery from a legal sweepstakes is the element of consideration. If no consideration is required for entry in the contest, it is not a lottery. **Federal Communications Commission v. American Broadcasting Co.**, 347 U.S. 284 (1954). Even a sweepstakes which a participant may enter by means of a purchase, a paid admission, or a donation is not an illegal lottery if, at the same time, it offers a bona fide and genuine "free entry" as an alternative means

---

[4]The Court has previously permitted the Tribe to participate in third party giveaway contests conducted by national vendors. **State of Texas v. Ysleta Del Sur Pueblo, et al.**, 220 F.Supp.2d 668, 704-05 (W.D. Tex. 2002). The State does not appear to quarrel with that holding. Instead, the dispute is over the proposal to conduct a Tribe-specific sweepstakes which envisions a donation to the Ysleta Del Sur Pueblo as an alternative means of entry into the sweepstakes program.

3

of entering the contest. **State v. Socony Mobil Oil Co.**, 386 S.W.2d 169 (Tex.Civ.App.--San Antonio 1964, writ ref'd n.r.e.). If the sweepstakes offered by the Tribe features a legitimate free entry alternative, and if the free entrant stands a chance of winning equal to that of the donor entrant, the sweepstakes would not be viewed as an illegal lottery. The Court finds that the State's first argument lacks merit.

The second argument advanced by the State presents a much closer question. The Tribe's sweepstakes proposal contemplates the use of the gaming devices popularly known as "eight-liners." It is well documented that these devices have been used in the Tribe's casino in a manner which violates the Texas Penal Code. **See** Memorandum Opinion and Order Granting Motion for Contempt, filed August 3, 2009 (Docket No. 281). In proposing their use as part of its sweepstakes plan, however, the Tribe insists that the devices will be used only as computer terminals to display winning entries in an "amusing way" (Defendants' proposal, page 13). To say that the State is skeptical of this disclaimer would be an understatement. Furthermore, in light of the evidence regarding the eight-liners and the manner in which they were used in the past, the State's skepticism is not unwarranted. While the Court can perceive nothing inherently illegal or improper in using a computer terminal to announce the results of a bona fide sweepstakes contest, the proposed relationship between the sweepstakes and the

eight-liners is a cause for concern. Both the State and the Court are entitled to further clarification regarding the use of the eight-liner devices before the Tribe's sweepstakes proposal can be approved. In the alternative, the Tribe may choose to propose a different means by which participants can obtain sweepstakes results.

It is therefore ORDERED that the Defendants' latest proposal to conduct a sweepstakes (Docket No. 284) be, and it is hereby, DENIED WITHOUT PREJUDICE.

SIGNED AND ENTERED this ___14th___ day of October, 2010.

_____
HARRY LEE HUDSPETH
SENIOR UNITED STATES DISTRICT JUDGE