IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| STATE OF TEXAS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | EP-99-CV-320-KC |
| § | |
| YSLETA DEL SUR, ET AL., § | |
| § | |
| Defendants. § | |

### ORDER

On this day, the Court considered the above-captioned case. On August 24, 2016, Plaintiff filed its Opposed Third Motion for Contempt and Motion for Injunctive Relief. ECF No. 613. On August 25, 2016, Plaintiff filed its Corrected Opposed Third Motion for Contempt and Motion for Injunctive Relief ("Motion for Contempt"). ECF No. 615. On September 1, 2016, Defendants filed their Response in Opposition. ECF No. 617. On September 8, 2016, Plaintiff filed its Reply. ECF No. 618. On September 29, 2016, Plaintiff filed its Opposed Motion to Compel Physical Inspection. ECF No. 619. On October 6, 2016, Defendants filed their Response in Opposition. ECF No. 620. On September 8, 2016, Plaintiff filed its Reply. ECF No. 621.

On February 24, 2017, the Court ordered Plaintiff to confer in good faith with Defendants to remedy a deficiency in the certificate of conference appended to Plaintiff's Motion for Contempt. ECF No. 623. This prompted the filing of a Joint Advisory, in which the parties notified the Court that Plaintiff intends to file an amended complaint to "supplement[]" its operative complaint and Motion for Contempt. Joint Advisory 1, ECF No. 624. The parties also

1

informed the Court that they reached an agreement to allow Plaintiff to conduct a videotaped inspection of the Speaking Rock Entertainment Center. Joint Advisory 2.

In light of the parties' recent Joint Advisory, the Court is of the opinion that Plaintiff will be better situated to produce evidence of contempt or other violations of law, if such evidence exists, after Plaintiff conducts a physical inspection of the Speaking Rock Entertainment Center. Joint Advisory 2.

Accordingly, in light of the plans to conduct the physical inspection, and in light of Plaintiff's statement that it may file a new complaint, the Court **DENIES** as moot Plaintiff's Opposed Third Motion for Contempt, ECF No. 613, Plaintiff's Corrected Opposed Third Motion for Contempt and Motion for Injunctive Relief, ECF No. 615, and Plaintiff's Opposed Motion to Compel Physical Inspection, ECF No. 619. The Court awaits other such filings as Plaintiff may deem appropriate after inspecting the Speaking Rock Entertainment Center.

Furthermore, the Court reminds Plaintiff that the Restoration Act provides the mechanism for addressing violations of its provisions requiring Plaintiff to "bring[] an action in [a] court of the United States to enjoin . . . gaming activities which are prohibited by the laws of Texas." May 27, 2016, Order 2, at 41, ECF No. 608.

As for Plaintiff's mention of its plans to seek leave to amend its Complaint in this case, the Court is unaware of any rule of procedure that would allow for amending a complaint that has been finally adjudicated, nor the filing of a standalone complaint as a supplement to a motion for contempt in a closed case. Moreover, the Court reiterates that if Plaintiff can establish through "clear and convincing evidence" that Defendants have violated an Order of this Court in

the instant case, a motion for civil contempt is appropriate in the instant case.[1]  *See Sundown Energy, L.P. v. Haller*, 773 F.3d 606, 615 (5th Cir. 2014).  If Plaintiff cannot, then it may seek to file a new case in this Court seeking injunctive relief, if it has reason to believe Defendants are otherwise in violation of the Restoration Act.

**SO ORDERED.**

SIGNED this 10th day of March, 2017.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

---

[1] "Clear and convincing evidence is that weight of proof which produces in the mind of the trier of fact a firm belief or conviction ... so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of precise facts of the case." *Hornbeck Offshore Servs., L.L.C. v. Salazar*, 713 F.3d 787 (5th Cir. 2013) (quoting *Shafer v. Army & Air Force Exch. Serv.*, 376 F.3d 386, 396 (5th Cir.2004)).